2015 UT App 85

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF Z.V., A.V., AND K.V.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

Z.V.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20141170-CA
Filed April 9, 2015

Second District Juvenile Court, Ogden Department
The Honorable Sherene T. Dillon
No. 1052053

Jason B. Richards, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Z.V. (Father) appeals the juvenile court's order terminating his parental rights in his three children. We affirm.

¶2     Father's children were removed from their mother for the second time in March 2014. Father was incarcerated at the time. A disposition hearing was held for Father on May 20, 2014. At that hearing, the juvenile court ordered that no reunification services would be provided to Father, because he had failed to

participate in services in the prior case with the children and because of the length of his sentence. Father acknowledged that his expected release date would not permit him to regain his children within the statutory time limits. He did not request services, nor did he object to the juvenile court's order denying services or the rationale for the denial.

¶3 With no services provided to either parent, the Division of Child and Family Services (DCFS) filed a petition to terminate parental rights. Even before the petition was filed, the juvenile court scheduled the first pretrial hearing on the expected petition at Father's disposition hearing. The first pretrial hearing was held less than thirty days after the disposition hearing.

¶4 The trial on the petition was held over two days. In closing argument, Father asserted for the first time that the juvenile court erred in not ordering reunification services, because the juvenile court failed to make a statutorily required determination to support its decision. *See* Utah Code Ann. § 78A-6-312(24)(a) (LexisNexis Supp. 2014) (providing that "[i]f a parent is incarcerated . . . , the court shall order reasonable services unless it determines that those services would be detrimental to the minor"). With the issue raised at that time, the juvenile court included the required determination in its termination order.

¶5 On appeal, Father argues that the termination of his parental rights should be reversed and that he should receive reunification services because the juvenile court did not make the statutorily required determination that services would be detrimental to the children. *See id.* Father did not request services or raise the issue at the May 20 hearing. The first time he asserted the issue of the required determination was at trial. The juvenile court then addressed the asserted error and included extensive findings in the termination order. The juvenile court corrected the deficiency noted by Father at the earliest

opportunity after the issue was raised. Contrary to Father's assertion, the juvenile court made the required statutory determination that providing services to him while incarcerated would be detrimental to the children.

¶6      Father also asserts that the juvenile court erred because it did not establish a permanency goal at the disposition hearing and because the court did not hold a separate permanency hearing. To the extent there was any error, these issues are moot because there is no relief available that would affect Father's rights. *See Towner v. Ridgway*, 2012 UT App 35, ¶ 6, 272 P.3d 765. The permanency determination and hearing requirements were superseded by the trial on the petition to terminate parental rights. The final order in this case has been entered, and any intermediate goal or hearing would have no effect on the outcome at this point.

¶7      Furthermore, there is no requirement for a separate permanency hearing in the circumstances here. If no reunification services are ordered, a permanency hearing must typically be held within thirty days after the disposition hearing. *See* Utah Code Ann. § 78A-6-314(1)(b). However, if a termination petition is filed before the permanency hearing is held, the court may consolidate the permanency hearing and termination trial. *Id.* § 78A-6-314(13)(a). In this case, the termination petition was filed before a permanency hearing was scheduled and, accordingly, the proceedings were consolidated into the termination trial.

¶8      Father also disputes that termination of his parental rights was in the children's best interests because they were not placed with his sister (Aunt). There was conflicting testimony about whether Aunt was an appropriate kinship placement at a point earlier in the proceedings when kinship placements have some preference. Regardless of Aunt's potential as a placement in the early stages of this case, however, the matter of a kinship

placement has no relevance to the ultimate decision regarding termination of parental rights after trial. *See In re W.P.O.*, 2004 UT App 451, ¶ 10, 104 P.3d 662 (stating that "nothing in the plain language of the [Termination of Parental Rights Act] requires a juvenile court to consider possible kinship placements when deciding whether termination is in the best interests of the child").

¶9     The two considerations for terminating parental rights are whether a parent is unfit or incompetent and, if so, whether termination would be in the child's best interests. *See* Utah Code Ann. § 78A-6-503(12) (LexisNexis Supp. 2014). In evaluating the best interests of a child, a court must consider the physical, mental, and emotional needs of the child. *In re J.D.*, 2011 UT App 184, ¶¶ 14–16, 257 P.3d 1062. The children here were together in a stable placement that was providing for their needs. All three were thriving. The evidence supported that termination was in their best interests to permit them to be adopted into a stable and loving home.

¶10     Affirmed.

—————